IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| BOBBY STINNETT, | § | |
| Movant, | § | |
| VS. | § | NO. 4:06-CV-772-A |
| | § | (No. 4:03-CR-336-A) |
| UNITED STATES OF AMERICA | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Bobby Stinnett ("Stinnett") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the government's response, the record, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On December 17, 2003, Stinnett was named in a one-count indictment charging him with conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). Stinnett plead guilty to the charge on March 19, 2004, and on July 9, 2004, he was sentenced to a term of imprisonment of 135 months to be followed by a term of supervised release of four years. The Fifth Circuit Court of Appeals affirmed the sentence on June 20, 2005. Stinnett timely submitted his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 on November 1, 2006.

II.

## Grounds of the Motion

Stinnett complains of his trial attorney in his first ground. He says that he is complaining of his trial attorney based on the attorney's failure to challenge the indictment for its deficiency. However, the wording of the complaint suggests that his actual complaint is that he would not have pleaded guilty if he had known that he was going to be assessed a two-level gun enhancement and was going to be denied acceptance of responsibility and that his attorney was ineffective for failing to warn him of those facts. Next he complains that his trial attorney was ineffective because of the attorney's failure to object to certain things in the presentence report. Finally, as to his trial attorney, he complains that the attorney failed to move for an evidentiary hearing either before or at sentencing to determine the validity of sentencing enhancements, with the result that his right to confrontation was violated.

In the second ground of his motion, Stinnett claims his appellate attorney was ineffective. He first asserts that his appellate attorney should have presented a Fifth Amendment challenge based on Blakely v. Washington, 542 U.S. 296 (2004). Next he complains that his appellate attorney should have petitioned for a rehearing, apparently again asserting a Blakely error. Finally, he seems to be complaining of his appellate attorney's failure to present a "viable challenge on appeal" to the alleged violation of his right of confrontation.

III.

## Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).

IV.

## Analysis

A. Legal Standards

To prevail on an ineffective assistance of counsel claim, movant must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a

3

reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). This standard applies regardless of whether movant plead guilty or not guilty. Hill v. Lockhart, 474 U.S. 52, 58 (1985). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Judicial scrutiny of this type of claim must be highly deferential and the movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (2000). The test for ineffective assistance of counsel is the same for both trial and appellate counsel. Hamilton v. McCotter, 772 F.2d 171, 182 (5th Cir. 1985). Here, the record is clearly adequate to fairly dispose of the claim of ineffective assistance. Hence, further inquiry is unnecessary. Baldwin v. Maggio, 704 F.2d 1325, 1329 (5th Cir. 1983).

B. <u>Purported Ineffective Assistance of Trial Counsel</u>

1. <u>Guilty Plea</u>

"A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." Montoya v. Johnson, 226 F.3d 399, 405 (5th Cir. 2000). This requires that defendant have "a full understanding of what the plea connotes and of its consequence." Boykin v. Alabama, 395 U.S. 238, 244

(1969). However, defendant "need only understand the direct consequence of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur." United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000). "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged." Barbee v. Ruth, 678 F.2d 634, 635 (5th Cir. 1982).

Stinnett maintains that his guilty plea was unknowing and therefore unintelligent because he was not made aware that he would receive a two-level firearm enhancement that was applied to his sentence and that he would not receive an offense level reduction for acceptance of responsibility. However, there is no dispute that, prior to signing the plea agreement, Stinnett was made aware of the maximum prison term and fine he was facing for the offense charged. Therefore, the fact that Stinnett was unaware that the firearm enhancement would be added to his offense level or that he would not receive acceptance of responsibility does not render his plea unknowing or unintelligent. Barbee, 678 F.2d at 635. Further, the fact that Stinnett's trial counsel did not object as to those matters does not constitute ineffective assistance because such an objection would have been frivolous. Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990).

### 2. Presentence report

Stinnett argues that his trial counsel was ineffective in failing to object to "anything in the PSR such as: (a) drug amount, (b) the 3-level enhancement for [his] lab causing a substantial risk of harm to human life and the environment, (c) the 2-level gun enhancement, and (d) the loss of [his] acceptance of responsibility . . . ." Mot. at 5(a). He contends that because of counsel's failure, the alleged errors raised on appeal were reviewed only for plain error. However, Stinnett fails to show a legitimate basis for any of the objections counsel failed to raise, thus, his failure to do so does not constitute ineffective assistance. See Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994)("[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite").

### 3. Right to confrontation

In United States v. Navarro, 169 F.3d 229 (5th Cir. 1999), the Fifth Circuit clearly stated that "there is no Confrontation Clause right at sentencing. . . ." Id. at 236. Thus, Stinnett's claim that his right to confront witnesses was violated when his counsel failed to move for an evidentiary hearing at sentencing, is without merit.

## C. Purported Ineffective Assistance of Counsel on Appeal

### 1. Fifth Amendment

Stinnett appears to argue in his objections that the doctrine of constitutional avoidance should have been brought up by his appellate counsel. However, he fails to show how such an

6

argument has merit. Further, Stinnett contends that his appellate counsel erred in failing to assert a Fifth Amendment challenge under <u>Blakely</u>. Stinnett's counsel did assert such challenge and the fact that it was unsuccessful does not mean that counsel's assistance was deficient. <u>See</u> <u>Youngblodd v. Maggio</u>, 696 F.2d 407 (5th Cir. 1983).

2. <u>Petition for rehearing</u>

Stinnett claims that his counsel was ineffective in not petitioning for a rehearing on the Fifth Circuit's holding that he had not met the third prong of the plain error test. However, Stinnett is only entitled to counsel on an appeal as of right. Accordingly, because a motion for rehearing is not an appeal as of right, his counsel's assistance on such motion could not have deprived him of any constitutional right. <u>See</u> <u>Wainwright v. Torna</u>, 455 U.S. 586, 588 (1982). Regardless, Stinnett cannot show that his attorney's conduct was prejudicial because he has not shown any ground on which a rehearing may have been granted.

3. <u>Right to confrontation</u>

Finally, Stinnett argues that his appellate counsel's assistance was ineffective and cites counsel's raising of a confrontation clause issue as proof of such ineffectiveness. Stinnett maintains that counsel raised a frivolous issue on appeal, while failing to assert a "viable meritorious argument [that] does exist." Stinnett's Objs. 13. However, Stinnett does not state what the supposed viable argument would have been, and

7

thus fails to show how counsel's conduct was ineffective in not raising such argument.

VI.

ORDER

For the reasons discussed above,

The court ORDERS that Stinnett's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED August 16, 2007.

JOHN MCBRYDE
United States District Judge